1  **MCGUIREWOODS LLP**
Adam F. Summerfield (SBN 259842)
2  Wells Fargo Center
South Tower
3  355 S. Grand Ave., Suite 4200
Los Angeles, CA  90071-3103
4  Telephone:  213.627.2268
Facsimile:  213.627.2579
5
Attorneys for Defendant Bank of America, N.A.
6

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

| 11  Marshall Samuel Sanders, Trustee, Of The Sanders Trust, UTD 4/20/90, | CASE NO. |
|---|---|
| 12                    Plaintiff, | **NOTICE OF REMOVAL** |
| 13        vs. | Complaint Filed:     March 2, 2017 |
| 14  BANK OF AMERICA, PNC BANK, PNC MORTGAGE, CLEAR RECON, ALDRIDGE PITE, STOX POSTING AND PUBLISHING AND DOES 1-100, | |
| 15 | |
| 16 | |
| 17                    Defendants. | |
| 18 | |

19      **TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF**

20  **RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE**

21  **HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

22      **PLEASE TAKE NOTICE** that Defendant Bank of America, N.A.

23  ("BANA") hereby provides this Notice of Removal pursuant to 28 U.S.C. §§1331,

24  1441, and 1446, based on federal question jurisdiction.  The action is hereby

25  removed to this Court from the state court, as more particularly set forth below.

26                    **THE STATE COURT ACTION**

27      1.      On March 2, 2017, Plaintiff Marshall Sanders ("Plaintiff") commenced

28  an action entitled "*Sanders v. Bank of America*, et al." in the Superior Court of the

---

1

1  State of California, County of Orange, Case No. 30-2017-00906276-CU-OR-CJC

2  (the "State Court Action").  On March 7, 2017, Plaintiff filed a First Amended

3  Complaint ("FAC") in the State Court Action.  A copy of the FAC is attached hereto

4  as Exhibit A.  Attached collectively hereto as Exhibit B are all other documents in

5  Nationstar's possession that were filed in the State Court Action.[1]

6  ## FEDERAL QUESTION JURISDICTION IS INVOKED ON THE FACE OF

7  ## THE COMPLAINT.

8  2.    Cases filed in state court may be removed to federal district court

9  where the district courts have original subject matter jurisdiction over the case.  28

10  U.S.C. § 1441(a).  District courts "have original jurisdiction of all civil actions

11  arising under the Constitution, laws or treaties of the United States."  28 U.S.C. §

12  1331.

13  3.    "The existence of federal question jurisdiction is ordinarily determined

14  from the face of the complaint."  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec.*

15  *Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  Under the well-pleaded

16  complaint rule, a defendant may remove a case to federal court if "the plaintiff's

17  complaint establishes that the case 'arises under' federal law."  *Franchise Tax Bd. v.*

18  *Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis omitted);

19  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal question

20  jurisdiction is appropriate when it is presented on the face of plaintiff's well-pleaded

21  complaint); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

22  4.    A case "arises under" federal law when the complaint "establishes

23  either that federal law creates the cause of action or that the plaintiff's right to relief

24  necessarily depends on resolution of a substantial question of federal law."

25  _____

26  [1] BANA was not served with any documents other than the original Complaint, but
obtained all other documents directly from the Orange County Superior Court's

27  website.

28

1  *Franchise Tax Bd.*, *supra*, 463 U.S. at 27-28.  It is well established that a single

2  claim over which federal question jurisdiction exists is sufficient for removal.

3  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 5455 U.S. 546, 563 (2005); *City of*

4  *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-66 (1997).

5      5.    Further, district courts have supplemental jurisdiction over related state

6  law claims.  28 U.S.C. § 1367(a) (providing in pertinent part that "in any civil action

7  of which the district courts have original jurisdiction, the district courts shall have

8  supplemental jurisdiction over all other claims that are so related to claims in the

9  action within such original jurisdiction that they form part of the same case or

10  controversy under Article III of the United States Constitution").

11      6.    This Court has jurisdiction of this case under 28 U.S.C. § 1331 because

12  the action contains, *inter alia*, a cause of action for Rescission under the federal

13  Truth in Lending Act, 15 U.S.C. § 1635 ("TILA").  *See* Ex. A, at ¶¶ 120-26.

14  Moreover, several of Plaintiff's other claims are predicated upon a purported

15  rescission under TILA, *see id.*, at ¶¶ 90, 94, 96-97, 128.

16      7.    Therefore, claims arising under the laws of the United States, or

17  "federal questions," are present, which gives this Court jurisdiction under 28 U.S.C.

18  § 1331, and makes the State Court Action removable to this Court under 28 U.S.C.

19  §, 1441(a).

20  **VENUE IS APPROPRIATE IN THE UNITED STATES DISTRICT COURT**

21  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**.

22      8.    Venue lies in the United States District Court for the Central District of

23  California, pursuant to 28 U.S.C. § 1391(b) and 1441(a), because the State Court

24  Action was filed in this District and this is the judicial district in which the action

25  arose.

26  **THIS NOTICE OF REMOVAL IS TIMELY AND PROPER**.

27      9.    This Notice is timely, pursuant to 28 U.S.C. § 1446(b).  BANA was

28  served by U.S. Mail dated March 2, 2017 in Charlotte, North Carolina pursuant to

1  Section 415.40 of the California Code of Civil Procedure.  Accordingly, service
2  upon BANA was complete on March 13, 2017.  BANA has not appeared in the
3  State Court Action and its time to respond to the Complaint has not expired.

4        10.    Counsel for BANA has communicated with counsel for co-Defendants
5  PNC Bank and PNC Mortgage, and co-Defendants' counsel has consented to the
6  removal of the State Court Action.  *See Proctor v. Vishay Intertechnology Inc.*, 584
7  F.3d 1208, 1225 (9th Cir. 2009) (requirement that co-defendants "join" in removal
8  is met when one defendant avers that other defendants have consented to removal).
9  However, counsel for BANA has been unable to locate counsel for any other named
10  Defendants, and these other Defendants have not answered or otherwise appeared in
11  the State Court Action.

12        11.    Pursuant to 28 U.S.C. § 1446(a) BANA files this Notice in the District
13  Court of the United States for the district and division within which the State Court
14  Action is pending.

15        12.    Pursuant to 28 U.S.C. § 1446(d) a copy of this Notice will promptly be
16  served on Plaintiff in the State Court Action, and notice thereof will be filed with the
17  Clerk of the Orange County Superior Court.

18        WHEREFORE, Bank of America, N.A. hereby removes Orange County
19  Superior Court Case No. 30-2017-00906276-CU-OR-CJC to the United States
20  District Court for the Central District of California, Southern Division.

21  DATED: April 12, 2017        Respectfully submitted,

22                          MCGUIREWOODS LLP

23
24
25  By:
26                           Adam F. Summerfield
27                           Attorneys for Defendant
                          Bank of America, N.A.
28

4