# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| MARSHALL SAMUEL SANDERS,  Plaintiff,  v.  BANK OF AMERCIA, N.A., PNC BANK, PNC MORTGAGE, CLEAR RECON, ALDRIDGE PITE, and STOX POSTING AND PUBLISHING,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: SACV 17-00673-CJC(DFMx)  ORDER GRANTING UNOPPOSED MOTIONS TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE WITHIN FOURTEEN DAYS WHY HIS CLAIMS AGAINST REMAINING DEFENDANTS SHOULD NOT BE DISMISSED |

Plaintiff Marshall Samuel Sanders filed this case in Orange County Superior Court on March 7, 2017, and Defendant Bank of America N.A. removed the case to this Court on April 12, 2017.  (Dkt. 1; *id.* Ex. A.)  Plaintiff asserts nine claims: rescission under 15 U.S.C. § 1635, Cancellation of Instruments pursuant to California Civil Code § 3412, violation of California Civil Code §§ 2924(a)(6),(f)(3), violation of California Civil Code

§§ 2923.5, 2923.55, violation of the Homeowner Bill of Rights, Unfair Business Practices in violation of California Business & Professions Code §§ 17200 *et seq.*, Fraudulent Misrepresentation, and Negligent Misrepresentation.  (*See* Dkt. 1 Ex. A.)  His claims for rescission, unfair business practices, and cancellation of instruments are brought against all Defendants, Bank of America, N.A., PNC Bank, PNC Mortgage, Clear Recon, Aldridge Pite, and Stox Posting and Publishing, while his remaining claims are brought against Defendants PNC Bank and PNC Mortgage.  (*See id.*)

On April 19, 2017, Defendant Bank of America N.A. moved to dismiss Plaintiff's claims against it due to failure to state a claim.  (Dkt. 8.)  The following day, Defendants PNC Bank and PNC Mortgage also moved to dismiss Plaintiff's claims due to ineffective service of process, res judicata, and failure to state a claim.  (Dkt. 11.)  Plaintiff failed to file an opposition to either motion, in violation of the Local Rules.  *See* Local Rule 7-9 (requiring a party opposing a motion to file opposing papers no later than 21 days before the motion is to be heard).  In the Central District of California, failure to oppose a motion to dismiss "may be deemed consent to the granting . . . of the motion."  Local Rule 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  The Court so construes Plaintiff's failure, and Defendants' motions, (Dkts. 8, 11), are GRANTED.  Plaintiff's claims against Defendants Bank of America N.A., PNC Bank, and PNC Mortgage are DISMISSED WITHOUT PREJUDICE.

Plaintiff's Complaint makes the following allegations on information and belief against the remaining defendants.  He alleges that Clear Recon is "a business entity of unknown form" and he "requests leave of the court to immediately conduct discovery as to [its] business form."  (Dkt. 1 Ex. A ¶ 4.)  Aldridge Pite is allegedly "a rogue law firm embodied in Clear Recon, its alter ego."  (*Id.* ¶ 5.)  Finally, Stox Posting and Publishing is allegedly "a Utah outfit of dubious origins but seemingly the alter ego of a pseudo

(unlicensed) Utah real estate agent." (*Id.* ¶ 6.)  Plaintiff's Complaint also asks for leave of the Court to ascertain who operates as Stox.  (*Id.* ¶ 6.)  However, the Complaint is devoid of any allegations of wrongdoing against those Defendants.

Additionally, there is no indication before the Court that the remaining Defendants were actually served by Plaintiff; they have not appeared in this action.  (*Cf.* Dkt. 1 Ex. B (providing evidence of service to Defendant PNC Mortgage).)  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE WITHIN FOURTEEN DAYS why this action should not be dismissed as to the remaining Defendants.[1]

DATED:     May 17, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 22, 2017, at 1:30 p.m. is hereby vacated and off calendar.