UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-00673-CJC(DFMx)            Date: June 23, 2017

Title: <u>MARSHALL SAMUEL SANDERS V. BANK OF AMERICA *ET AL.*</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Melissa Kunig</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR RECONSIDERATION**

      Plaintiff filed this case in Orange County Superior Court on March 7, 2017, alleging various causes of action related to the imminent foreclosure of her home. (*See* Dkt. 1 Ex. A.) Defendant Bank of America removed the matter to this Court on April 12, 2017. (Dkt. 1.) On April 19, 2017, Defendant Bank of America filed a motion to dismiss Plaintiff's claims against it, (Dkt. 8); the following day, Defendants PNC Bank and PNC Mortgage filed their own motion to dismiss Plaintiff's claims against them, (Dkt. 11). On May 17, 2017, in light of Plaintiff's failure to oppose the motions, the Court dismissed Plaintiff's claims against Defendants Bank of America, PNC Bank, and PNC Mortgage without prejudice, pursuant to Local Rule 7-12. (Dkt. 15.) As there was no indication that Plaintiff served the remaining Defendants, the Court ordered Plaintiff to show cause within fourteen days why the case should not be dismissed. (*Id.*) On June 2, 2017, in light of Plaintiff's failure to respond to the Court's Order, the remainder of her claims were dismissed without prejudice. (Dkt. 16.)

      On June 16, 2017, Plaintiff filed a petition for reconsideration of dismissal. (Dkt. 17.) While convoluted and opaque, Plaintiff appears to be arguing that the Court, by dismissing the case, and Defendants, by subsequently foreclosing on Plaintiff's home, violated an automatic stay that was in place through Plaintiff's bankruptcy filing. (*Id.* at 2.) These allegations are serious. However, Plaintiff's petition for reconsideration claims that she filed a Chapter 11 reorganization petition, it was rejected, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-00673-CJC(DFMx)            Date: June 23, 2017
                                                                                        Page 2

rejection was subsequently reversed by the Ninth Circuit Bankruptcy Appeals Panel. (*Id.* at 2.) Plaintiff fails to include (1) the case number of the bankruptcy action and (2) the dates of these actions. Without those details, it is impossible for the Court to evaluate the merits of Plaintiff's allegation.

      The Court notes that the word "bankruptcy" does not appear in Plaintiff's Complaint but one page buried among the more than 140 exhibits attached to the Complaint appears to be a printout of the PACER page for a bankruptcy petition filed on March 18, 2014, and terminated on October 30, 2014. (*See* Dkt. 1 Ex. A.) The Court has no way to know if that proceeding is the one on which Plaintiff's petition for reconsideration relies. Another exhibit attached to Plaintiff's Complaint is a 2014 decision by the Ninth District Court of Appeals of Ohio that appears unrelated to Plaintiff. (*See id.* (attaching *PNC Bank, Natl. Assn. v. West*, 2014-Ohio-161).)

      For these reasons, Plaintiff's petition for reconsideration is **DENIED WITHOUT PREJUDICE**. Should Plaintiff, in good faith, believe that reconsideration is appropriate, she may file a regularly-noticed motion seeking reconsideration. *See* Fed. R. Civ. P. 11 (requiring, *inter alia*, that all filings be made without improper motive and that factual contentions have evidentiary support). Such a motion must be filed by **July 17, 2017**.


nhm

MINUTES FORM 11
CIVIL-GEN                                                                Initials of Deputy Clerk MKU