**Cathy L. Granger (SBN 156453)**
*clgranger@wolfewyman.com*
**WOLFE & WYMAN LLP**
2301 Dupont Drive, Suite 300
Irvine, CA 92612-7531
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
PNC BANK, N.A. (erroneously sued as PNC BANK),
individually and d/b/a PNC MORTGAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARSHALL SAMUEL SANDERS, TRUSTEE, OF THE SANDERS TRUST, UTD 4/20/90,<br><br>            Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, PNC BANK, PNC MORTGAGE, CLEAR RECON, ALDRIDGE PITE, STOX POSTING AND PUBLISHING AND DOES 1-100,<br><br>            Defendants. | Case No.: 8:17-cv-00673-CJC-DFMx<br><br>**OPPOSITION TO PLAINTIFF'S PETITION FOR RECONSIDERATION**<br><br>Date:        October 30, 2017<br>Time:       1:30 p.m.<br>Courtroom: 9B<br><br>Hon. Cormac J. Carney<br>Action Filed: March 2, 2017 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

In accordance with the briefing schedule ordered by the Court [Doc. 26], Defendant PNC Bank, N.A. ("PNC") opposes Plaintiff's Petition for Reconsideration as follows:

## I.   INTRODUCTION.

The Court dismissed this case on May 17, 2017 [Doc. 15], after Plaintiff failed to oppose PNC's Motion to Dismiss [Doc 11]. Plaintiff then filed the present Petition for Reconsideration [Doc. 17], arguing the case should be reinstated because an automatic bankruptcy stay had ostensibly been in place when two different properties

owned by Plaintiff were sold in foreclosure. [Doc. 17, p 2.] The Court assessed the Petition as "convoluted and opaque." [Doc. 18 at p. 1.] Still, observing such "allegations are serious," the Court denied the Petition without prejudice to allow Plaintiff to clarify via regularly-noticed motion. [Doc. 18 at p. 2.]

The Court's Order denying the Petition for Reconsideration advised Plaintiff his failure to identify the Chapter 11 petition on which the request for reconsideration was based, or to cite the key dates of events on which he relied, left the Court without sufficient information to evaluate his claim. [Doc. 18, p. 2.]

After receiving multiple extensions of the deadline to do so, Plaintiff filed his "Clarifications Requested by the Court" (hereinafter, "Clarifications") on October 2, 2017. [Doc. 25.] Far from providing clarifying information as the Court requested, Plaintiff's 50-page document focuses on such topics as the hardships caused by his multiple bankruptcy filings and the conduct in 2010 of a car-loan creditor unrelated to this case. [Doc. 25, p. 2 of 50.]

Eventually, Plaintiff "urge[s] the Court to find that Defendants, Wells Fargo Bank and Bank of America… went ahead anyway in spite of the Automatic Stay… and foreclosed on the Sanders' home (1621 Kensing Lane, Santa Ana)… and their *former* home (2041 Iroquois, Tustin)…"[1] [Doc. 25, p. 40 of 50.]

While he suggests both foreclosures violated an automatic stay, the only sale Plaintiff discusses is the Kensing Lane foreclosure, which occurred on September 22, 2015 – a year and a half before the one PNC concluded its foreclosure of the Iroquois property. [Doc. 25; *Req. for Judicial Notice ("RFJN") Exh. 3.*]

The Iroquois property sold on March 9, 2017. *RFJN Exh. 4.* Nothing in the "Clarifications" points to the existence of an automatic stay on that date.

---

[1] Wells Fargo Bank is not a party to this action. Nevertheless, Plaintiff's Clarifications make multiple references to non-party Wells Fargo as a supposed wrongdoer. See, i.e., Clarifications at 2:5, 4:5, 10:5, 11:2-4, 12:21. Conversely, the Clarifications do not mention Responding Party PNC Bank, N.A. at all.

2
**PNC'S OPPOSITION TO PLAINTIFF'S PETITION FOR RECONSIDERATION**

2865103.1

## II. PERTINENT FACTUAL AND PROCEDURAL HISTORY.

### A. Proceedings Involving the Iroquois Property.

On March 2, 2017, Plaintiff filed a complaint in the Orange County Superior Court styled, in part, as an action "TO STOP THE FOREFEITURE OF TITLE VIA A FORCED AUCTION, A NON-JUDICIAL FORECLOSURE NOW SCHEDULED FOR MARCH 9, 2017." [Doc 1-2, p. 3 of 21.]. Five days later, on March 7, 2017, Plaintiff filed an Amended Verified Complaint (hereinafter, "AVC") in the same court [Doc 1-1], just before Defendant Bank of America removed the action to this Court. [Doc 1.]

Like the original complaint, the AVC referred to an impending Trustee Sale Date of March 9, 2017. [Doc 1-1, p. 2 of 180.] The AVC referred to real property located at 2041 Iroquois, Tustin, California (hereinafter, the "Iroquois property"). [Doc 1-1, p. 3 of 180, ll. 1-2.] This property was subject to a Deed of Trust recorded in the Orange County Official Records on June 25, 2003. *RFJN, Exh. 1*.

Beyond the Iroquois property, Marshall and Lydia Sanders also once owned property located at 1621 Kensing Lane, Santa Ana, California (the "Kensing Lane property"). [Doc. 25, p. 4 of 50.] A Deed of Trust encumbering that property was recorded on January 5, 2007 in the Orange County Official Records. *RFJN Exh. 2*.

A Trustee's Deed Upon Sale recorded in the Orange County Official Records reflected the September 22, 2015 sale of the Kensing Lane property. *RFJN Exh. 3*. As such, by the time the complaint herein was filed in March 2017, only the sale of the Iroquois property was still on the horizon. On March 9, 2017, the Iroquois property was sold at auction, as reflected in a Trustee's Deed Upon Sale recorded on March 17, 2017 in the Official Records of Orange County. *RFJN, Exh. 4*.

The AVC spoke almost exclusively about Plaintiff's interaction with PNC Bank and the foreclosure that was impending as of the date of the AVC's filing. Plaintiff alleged PNC was to foreclose soon and that, if it did so, the sale would "cloud[] Plaintiff's title… in violation of the California Homeowner Bill of Rights" law. [Doc

3

1-1, ¶ 52.] Plaintiff also pleaded the sale would violate his rights under the Truth in Lending Act. [Doc 1-1, ¶54.] Nowhere in the AVC did Plaintiff allege the March 9, 2017 sale would violate an automatic bankruptcy stay.

In response to the Court's invitation to provide clarifying information about the bankruptcy stay he claims existed on the date of the March 9, 2017 foreclosure sale, Plaintiff provides a rambling tirade that scarcely even mentions that sale.

Instead, he obfuscates. In his "Clarifications," Plaintiff argues at length about bankruptcy activity he claims was in progress in September 2015, when the Kensing Lane property was foreclosed.[2] [Doc. 25, p. 10 of 50.] Specifically, Plaintiff refers to a Chapter 11 petition filed by Lydia Sanders on September 22, 2015 and assigned case number 8:15-bk-14615-TA by the bankruptcy court. [Doc. 25, pp. 12-14 of 50.] He asks "the Court to review and be guided by the Petition for reorganization that [Lydia Sanders] filed on September 22, 2015…" [Doc. 25, p. 12 of 50.]

What he does not mention is that the bankruptcy judge dismissed the case on the same day Mrs. Sanders filed it. *RFJN Exh. 5.* Although the BAP reversed that order, remanding the case to the bankruptcy court on November 21, 2016 *(RFJN Exh. 6)*, the debtor soon abandoned the chapter 11 petition. Instead, Marshall and Lydia Sanders filed a *new* case, submitting a chapter 13 petition on December 7, 2016. *RFJN, Exh. 7.* By February 23, 2017, that case, too was dismissed. The court's order precluded Marshall or Lydia Sanders from pursuing any new bankruptcy petition for 180 days. *RFJN, Exh.8.*

And, as for the earlier case which the BAP had remanded after vacating the dismissal, the bankruptcy court determined it was a bad faith filing and entered a scathing order of dismissal with a 180-day bar to refiling. As that court's order said in rejecting Mrs. Sanders' response to an OSC re: dismissal:

---

[2] Throughout his Document 25 filing, Plaintiff refers to the Kensing Lane property as the Sanders' home and the Iroquois property as their "former" home. See, Doc. 25, p. 4 of 50.

4
**PNC'S OPPOSITION TO PLAINTIFF'S PETITION FOR RECONSIDERATION**

> …the premise of her response is astounding. She seems to believe that she has a constitutional right to file as many bankruptcy petitions as she likes, without the remotest possibility of either reorganizing her affairs or obtaining a discharge. Rather, she feels entitled to whatever it takes to get yet another automatic stay to stop foreclosure. This is manifestly not the law, nor could it ever be in any sane legal system.

*RFJN, Exh. 9.*

### III. PLAINTIFF'S FAILURE AND INABILITY TO SHOW THE PROPERTY WAS SOLD IN VIOLATION OF AN AUTOMATIC STAY WARRANTS DENIAL OF THE PETITION.

The automatic stay in bankruptcy provides broad protection to debtors, giving them a breathing spell from their creditors and temporarily halting foreclosure actions, among other things. 11 U.S.C.S. § 362(a)(6).

However, and crucially, the stay terminates automatically upon dismissal of the petition. 11 U.S.C.S. § 362(c)(2)(B).

Here, apparently as an attempt to distract or confuse the Court, Plaintiff argues almost exclusively about a September 22, 2015 foreclosure sale that has nothing to do with the allegations of his AVC. With respect to the March 9, 2017 foreclosure sale, Plaintiff has not shown any bankruptcy stay existed on that date.

Indeed, the tortuous history of Plaintiff's bad-faith bankruptcy filings reflects a trail of dismissals and overlapping proceedings that deprived him of the ability to cite the existence of an automatic stay on the date the Iroquois property was finally foreclosed.

### IV. CONCLUSION.

The Court properly ordered this case dismissed this case after Plaintiff failed to oppose PNC's Motion to Dismiss.

Plaintiff's reckless effort to revive the case fails. He has not and cannot demonstrate PNC's foreclosure of the Iroquois property violated an automatic stay in bankruptcy.

PNC respectfully requests that Plaintiff's Petition for Reconsideration be denied and that the Court issue an order dismissing the case *with* prejudice.

DATED:  October 9, 2017                    WOLFE & WYMAN LLP


By: :   */s/ Cathy L. Granger*
          CATHY L GRANGER
Attorneys for Defendant
**PNC BANK, N.A. (erroneously sued herein as PNC BANK), individually and d/b/a PNC MORTGAGE**